IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JEREMY LAMAR HARRIS,                  §
                                      §
          Petitioner,                 §
                                      §
V.                                    §
                                      §          No. 3:14-cv-520-B-BN
UNITED STATES OF AMERICA,             §
                                      §
          Respondent.                 §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Jeremy Lamar Harris has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## Background

On February 11, 2014, Petitioner filed an application for writ of habeas corpus challenging the validity of his current confinement. *See* Dkt. No. 3. On preliminary review of the petition, the Court found that additional facts were necessary to determine whether Petitioner stated a colorable ground for relief. On February 24, 2014, a questionnaire was issued to Petitioner in order to obtain the additional factual information. *See* Dkt. No. 7. Petitioner was ordered to file his answers to the Court's questions within twenty days of the date upon which he received the questionnaire. *See id.* He was admonished that "[f]ailure to file answers to the questions may result in the dismissal of the petition for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." *Id.*

On March 3, 2014, Petitioner returned the questionnaire to the Clerk of Court. *See* Dkt. No. 9. But he failed to answer any of the Court's questions. *See id.* Instead,

the first and sixth pages of the questionnaire include the following handwritten notations:

> I accept this offer for value and honor and return it for value. In consideration please take the charges of action in case #CR-04-P-0322-M and case #3:14-CV-520-B-BN and use my private exemption #F61430409 to discharge the charges dollar for dollar and for settlement and closure of all related accounts.
>
> Value $100,000,000000.00
> Private exemption #F61430409
> UCC Contract Acct #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
> Date: 2-26-14
> Sign: By Jeremy Harris
>       Authorized Rep.

## Legal Standards

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *See id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

## Analysis

Despite the warning that this case could be dismissed for failure to comply with the Court's order, Plaintiff failed to submit responsive answers to the Court's questions. Information regarding the facts underlying Petitioner's grounds for relief

is necessary in order for this case to continue. The inability to proceed with this litigation is directly attributable to Petitioner's failure to provide the information requested in the Court's questionnaire. Dismissal is warranted under these circumstances. *See Wiggins v. Management and Training Corp.,* No. 3:03-cv-1547-L, 2003 WL 22259080, at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted,* 2003 WL 22415739 (N.D. Tex. Oct. 20, 2003) (dismissing complaint for failure to answer written interrogatories); *accord Champagne v. Zoley*, No. 3:08-cv-2264-D, 2009 WL 980138 (N.D. Tex. Apr. 10, 2009).

## Recommendation

Unless Petitioner files responsive answers to the Court's questions within 14 days of the date of this Recommendation, the Court should dismiss Petitioner's case without prejudice pursuant to Fed. R. Civ. P. 41(b).

If Petitioner files responsive answers to the Court's questions within 14 days of the date of this Recommendation, the Court should refer the case back to the undersigned magistrate judge for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 16, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE